# CIVIL COVER SHEET

05   0898

JS 44 (Rev. 3/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DEVEN W. WERLING

### DEFENDANTS
MARK EGGLETON - SEE ATTACHED SHEET FOR CONTINUATION

**(b)** County of Residence of First Listed Plaintiff   Pinellas (FL)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Allegheny
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Timothy P. O'Brien, Esquire  (412) 232-4400
1705 Allegheny Building, Pittsburgh, PA 15219

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Civil Rights Act of 1871, as amended 42 U.S.C. Section 1983
Brief description of cause:
Violation of Plaintiff's 1st, 4th & 14th Amendment Rights under U.S. Con.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE
June 29, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44AREVISED OCTOBER, 1993

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THIS CASE DESIGNATION SHEET MUST BE COMPLETED

**PART A**
This case belongs on the ( _____ Erie _____ Johnstown ( XX ) Pittsburgh) calendar.

1. ERIE CALENDAR - If cause of action arose in the counties of Crawford, Elk, Erie, Forest, McKean, Venang or Warren, OR any plaintiff or defendant resides in one of said counties.

2. JOHNSTOWN CALENDAR - If cause of action arose in the counties of Bedford, Blair, Cambria, Clearfield or Somerset OR any plaintiff or defendant resides in one of said counties.

3. Complete if on ERIE CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

4. Complete if on JOHNSTOWN CALENDAR: I certify that the cause of action arose in _____ County and that the _____ resides in _____ County.

**PART B (You are to check ONE of the following)**
1. ( ) This case is related to Number _____, Judge _____.
2. ( XX ) This case is not related to a pending or terminated case.

**DEFINITIONS OF RELATED CASES:**
CIVIL: Civil cases are deemed related when a case filed relates to property included in another suit or involves the same issues of fact or it grows out of the same transactions as another suit or involves the validity or infringement of a patent involved in another suit

EMINENT DOMAIN: Cases in contiguous closely located groups and in common ownership groups which will lend themselves to consolidation for trial shall be deemed related.

HABEAS CORPUS & CIVIL RIGHTS: All habeas corpus petitions filed by the same individual shall be deemed related. All pro se Civil Rights actions by the same individual shall be deemed related.

**PART C**
1. CIVIL CATEGORY (Place x in only applicable category).
   1. ( ) Antitrust and Securities Act Cases
   2. ( ) Labor-Management Relations
   3. ( ) Habeas Corpus
   4. ( XX) Civil Rights
   5. ( ) Patent, Copyright, and Trademark
   6. ( ) Eminent Domain
   7. ( ) All other federal question cases
   8. ( ) All personal and property damage tort cases, including maritime, FELA, Jones Act, Motor vehicle, products liability, assault, defamation, malicious prosecution, and false arrest
   9. ( ) Insurance indemnity, contract and other diversity cases.
   10. ( ) Government Collection Cases (shall include HEW Student Loans (Education), VA Overpayment, Overpayment of Social Security, Enlistment Overpayment (Army, Navy, etc.), HUD Loans, GAO Loans (Misc. Types), Mortgage Foreclosures, S.B.A. Loans, Civil Penalties and Coal Mine Penalty and Reclamation Fees.)

I certify that to the best of my knowledge the entries on this Case Designation Sheet are true and correct

Date: ___June 29, 2005___

ATTORNEY AT LAW
Timothy P. O'Brien, Esquire

NOTE: ALL SECTIONS OF BOTH SIDES MUST BE COMPLETED BEFORE CASE CAN BE PROCESSED.

recpt # 4314

NO SUM

1541

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEVEN W. WERLING,

      Plaintiff,

      v.

      Civil Action No. **05 0898**

MARK EGGLETON, THE CITY
OF PITTSBURGH, ORIGINAL HOT
DOG SHOPS, INC., Trading and
Doing Business as THE
ORIGINAL HOT DOG SHOP,
And BRIAN ROBERTS,

*JURY DEMAND*



      Defendants.

## COMPLAINT IN CIVIL ACTION

### INTRODUCTION:

    1.    This action is brought on behalf of Deven W. Werling to redress the violation

of his constitutional and common law rights which occurred when he made what was

viewed as a critical remark about the performance of an off-duty City of Pittsburgh police

officer employed by the Defendant Original Hot Dog Shops, Inc. This so-called off-duty

police officer at the time the events in this case occurred was fully clothed and equipped by

the City of Pittsburgh Police Department and cloaked with the authority and power of a City

of Pittsburgh police officer even though he was ostensibly under the supervision and

control of his private employer, the Original Hot Dog Shops, Inc. This lawsuit contends that

the defendant Original Hot Dog Shops, Inc., failed to properly supervise, train, control, and

regulate off-duty police officers hired by it to perform security functions, and further alleges

that the defendant City of Pittsburgh has a custom, policy or practice of deliberate indifference to the violation of constitutional rights committed by its police officers engaged in so-called off-duty employment. As a direct result of the defendants' conduct, as herein described, plaintiff's rights under the first, fourth and fourteenth amendments to the United States Constitution were violated, including his right to free speech, his right to be free from unreasonable searches and seizures, the right to be free from the use of excessive and unreasonable force, and his right to be free from the filing of false and malicious criminal charges. Plaintiff's common law rights to be free from false imprisonment, arrest, assault and battery, and malicious prosecution were similarly violated.

JURISDICTION:

2.     This court has jurisdiction over the plaintiff's claims against the above-referenced defendants pursuant to 28 U.S.C. § 1343, and/or 28 U.S.C. § 1331. This court also has pendent jurisdiction over any of the plaintiff's common law claims asserted herein.

PARTIES:

3.     Plaintiff Deven W. Werling is an adult individual residing in Largo, Florida.

4.     The defendant Original Hot Dog Shops, Inc., is a corporation duly authorized to conduct business in the Commonwealth of Pennsylvania, and trades and does business as "The Original Hot Dog Shop", with a principal place of business located at 3901 Forbes Avenue, Pittsburgh, Pennsylvania 15213.

5.     At all times relevant hereto, defendant Original Hot Dog Shops, Inc., was acting by and through its duly authorized agents, employees and/or assigns, who were then and there acting in the course and scope of their employment.

6.     At all times relevant hereto, defendant Original Hot Dog Shops, Inc., employed off-duty City of Pittsburgh Police officers who performed their duties as employees of the defendant Original Hot Dog Shops, Inc., trading and doing business as "The Original Hot Dog Shop", while attired in their City of Pittsburgh Police uniforms, and equipped with City of Pittsburgh Police Department issued equipment, such employees acting under color of state law in the performance of their duties on behalf of defendant, Original Hot Dog Shops, Inc.

7.     At all times relevant hereto, the defendant Original Hot Dog Shops, Inc., trading and doing business as the "Original Hot Dog Shop", through its negligence, gross negligence, and/or through its deliberate indifference, failed to properly supervise, regulate, train and/or discipline off-duty City of Pittsburgh Police officers hired by it to perform security and related functions at the "Original Hot Dog Shop". This defendant's conduct also included its failure to have in place proper procedures, policies and standards governing the conduct of off-duty police officers employed by it.

8.     The City of Pittsburgh is a municipality within the Commonwealth of Pennsylvania, with a principal place of business located at 414 Grant Street, Pittsburgh, Pennsylvania 15219, which at all times relevant hereto, was authorized to and did operate and maintain a police department.  At all times relevant hereto, defendant City of Pittsburgh was acting by and through its duly authorized agents, employees and/or assigns, who were then and there acting within the course and scope of their employment and under the color of state law.

9.     At all times relevant hereto, the defendant City of Pittsburgh had a custom, policy, or practice, of failing to adequately train, discipline, supervise, and/or regulate

3

police officers employed by it who engaged in secondary employment with private employers while attired in City of Pittsburgh police uniforms, utilizing City of Pittsburgh Police Department issued equipment, and otherwise exercising the authority vested in them by the public as officers of the law for the benefit of their private employers in the performance of their private duties and employment.

10.     At all times relevant hereto, the defendant City of Pittsburgh was aware that City of Pittsburgh Police officers attired in their City of Pittsburgh uniforms, using City of Pittsburgh issued equipment, exhibiting their City of Pittsburgh badge of authority, and otherwise exercising their public authority incident to their private employment, had carried out false arrests, used excessive force and/or filed false, malicious criminal charges against citizens.

11.     Despite such knowledge, defendant City of Pittsburgh has with deliberate indifference failed to take adequate precautions to protect citizens from the abusive practices of its police officers engaged in secondary employment, including the failure to adequate train, discipline, supervise, and/or monitor such employment.

12.     Defendant Mark Eggleton is an adult individual residing in the City Pittsburgh, who at all times relevant hereto, in the performance of his duties on behalf of the defendant Original Hot Dog Shops Inc., was acting under color of state law, attired in his City of Pittsburgh issued police uniform, utilizing City of Pittsburgh issued equipment, and displaying his City of Pittsburgh police badge of authority.

13.     Defendant Brian Roberts is an adult individual residing in the City of Pittsburgh, who at all times relevant hereto, in the performance of his duties on behalf of the defendant Original Hot Dog Shops Inc., was acting under color of state law, attired in

4

his City of Pittsburgh issued police uniform, utilizing City of Pittsburgh issued equipment, and displaying his City of Pittsburgh police badge of authority. This defendant is sued based upon his failure to intervene to stop defendant Eggleton's unconstitutional conduct as herein described, even though he was aware of such conduct, and had the opportunity to intervene and stop it.

## FACTUAL ALLEGATIONS:

14.    On August 29, 2004 in the early morning hours, Deven W. Werling, was in the "Original Hot Dog Shop" located in the Oakland section of the City of Pittsburgh, sitting at a table with friends eating food he had purchased at the "Original Hot Dog Shop" (hereinafter the "Original").

15.    As he sat eating his food, Mr. Werling observed a uniformed security guard outside of the "Original" apparently breaking up a fight between two individuals, during which the security guard sprayed pepper spray.

16.    Although sprayed outside, the pepper spray wafted into the "Original" affecting Mr. Werling and his friends causing them to gag, choke and their eyes to burn. Mr. Werling reacted by rubbing his eyes commenting "why did these jackasses have to spray so much pepper spray".

17.    Although not stated to him, Mr. Werling's comments were overheard by defendant Eggleton, the security guard who sprayed the pepper spray. Enraged, Eggleton came up behind Mr. Werling, and screamed "what did you say, you got to leave."

18.    Mr. Werling asked Eggleton why he had to leave the "Original", explaining that he was eating food purchased at the "Original". At that point, Eggleton without provocation swiped Werling's food off the table, throwing it onto the floor. He then

5

grabbed Werling and pushed him up against a glass window jamming his baton against Mr. Werling's throat choking him to the point where Werling nearly lost consciousness. Werling was then flung across the room.  Mr. Werling's was hit in the mid-section and thrown into a large glass cooler where he fell to the ground.

19.     After this violent unprovoked attack, Mr. Werling, assisted by one of his friends, left the "Original" and walked up Forbes Avenue towards the Primanti Brothers Sandwich Shop, nearly a block away from the "Original" when he noticed two officers charging down the sidewalk coming towards him. At that point Mr. Werling stopped to call 911 for help and to report what happened.

20.     When Eggleton caught up to Mr. Werling he told him that " nobody is going to screw up my 22 years of service". He then grabbed Werling, confiscated his phone, and violently threw him up against a building and hand-cuffed him.

21.     Werling was arrested on false charges of resisting arrest, defiant trespass, and disorderly conduct.

22.     Mr. Werling was  subsequently transported to the Allegheny County Jail where he remained incarcerated for approximately 15 hours.

23.     Subsequent to the events of August 29, 2004, Mr. Werling called the City of Pittsburgh Bureau of Police to complain about Eggleton's conduct.  He spoke to an individual who identified herself as Eggleton's supervisor. The supervisor subsequently informed Eggleton of Werling's complaint.

24.     After Eggleton was informed of Werling's complaint, Eggleton added additional false charges against Werling of obstruction of justice, and aggravated assault. In addition, he falsely claimed that Werling had injured him.

6

25.    On the 13th day of April, 2005, Plaintiff was found not guilty of all criminal charges that remained at the time of trial, including aggravated assault, defiant trespass and disorderly conduct. The charges of resisting arrest and obstruction of justice filed by Eggleton were previously dismissed by the District Magistrate at the preliminary hearing .

26.    As a result of the defendants' conduct as hereinbefore described, plaintiff has suffered severe emotional distress, embarrassment, humiliation and damage to his reputation.

27.    As a direct result of defendants' conduct as hereinbefore described, plaintiff has suffered physical injuries, including injuries to his neck, back and head.

28.    As a direct result of defendants' conduct as hereinbefore described, plaintiff's rights under the first, fourth and fourteenth Amendments to the United States Constitution were violated. The violation of these rights made actionable against the defendants named herein pursuant to the Civil Rights Act of 1871, as amended, 42 U.S.C. §1983. In regard to such claims, plaintiff's right to be free from retaliation on account of protected speech was violated, as were his rights to be free from unreasonable searches and seizures and the use of excessive and unreasonable force, and to be free from false and malicious prosecution.

29.    As a direct result of defendants' conduct, plaintiff was subject to a common-law false arrest, assault, battery, and malicious prosecution.

30.    As a direct result of defendants' conduct, plaintiff has incurred medical expenses for the treatment of physical and emotional injuries, and also has incurred legal expenses for the defense of the false criminal charges filed against him by defendant Eggleton.

WHEREFORE, plaintiff requests judgment in his favor in a sum in excess of $50,000.00, including compensatory and punitive damages, such latter damages sought against the individually named defendants, and the Original Hot Dog Shops Inc. Plaintiff also seeks the recovery of costs and attorney's fees, and any and all other relief that this court deems just and appropriate under the circumstances.

Respectfully submitted,

Timothy P. O'Brien, Esquire
PA I. D. #22104
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA 15219

Jere Krakoff, Esquire
PA I.D. 13701
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
(412) 232-0276

Attorneys for plaintiff

8

CONTINUATION SHEET FOR DEFENDANTS:

THE CITY OF PITTSBURGH, ORIGINAL HOT DOG SHOPS INC., Trading and Doing Business as THE ORIGINAL HOT DOG SHOP, And BRIAN ROBERTS