IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEVEN WERLING,

    Plaintiff,

v.

MARK EGGLETON, THE CITY OF
PITTSBURGH, OHDS, Inc., t/d/b/a/
the Original Hot Dog Shop, and
BRIAN ROBERTS.

    Defendants.

05cv0898
Electronically Filed

MEMORANDUM ORDER

This is a civil rights brought pursuant to 42 U.S.C. § 1983. Plaintiff, Deven Werling, alleges that defendants, Officers Mark Eggleton ("Eggleton") and Brian Roberts ("Roberts"), the City of Pittsburgh ("the City"), and the Original Hot Dog Shop ("the O"), acting under color of state law, violated his constitutional and other common law rights.[1]

According to the complaint, plaintiff alleges that while eating at the O, Eggleton, an off-duty City police officer who was dressed in uniform and who was working at the O as a private security guard, sprayed pepper spray during an altercation that occurred outside the establishment. When plaintiff exercised his First Amendment right to freedom of speech by making a critical remark about Eggleton's inordinate use of the pepper spray, and after plaintiff refused to leave the establishment, Eggleton allegedly violently attacked plaintiff, later arrested

---

[1] Specifically, plaintiff alleges that defendants violated his rights: to freedom of speech, freedom from unreasonable search and seizure, freedom from use of excessive force, freedom from filing false and malicious charges, freedom from false imprisonment, arrest, assault and battery and malicious prosecution. Plaintiff also alleges that the O failed to properly train, supervise, control and regulate off-duty police officers hired by the O and that the City has a custom, policy or practice of deliberate indifference to the violation of constitutional rights committed by its officer engaged in secondary employment.

him[2] and charged him with resisting arrest, defiant trespass, and disorderly conduct. Further, plaintiff alleges that after the incident he filed a complaint with Eggleton's supervisor at the City and in retaliation for that complaint, Eggleton, again acting under color of state law, added the additional and more serious false charges of obstruction of justice and aggravated assault to the criminal complaint. Plaintiff was ultimately found not guilty of aggravated assault, defiant trespass and disorderly conduct at trial, and the District Magistrate dismissed all other charges at the preliminary hearing .

Plaintiff seeks monetary relief in the form of compensatory and punitive damages. Defendants Eggleton and Roberts, the City, and the O, have filed motions for summary judgment under Fed.R.Civ.P. 56(c) arguing that plaintiff cannot create a material issue of fact on his claims for constitutional and common law violations. The motions will be denied.

Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (internal quotation marks omitted).

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id*. at 247-48. A dispute over those facts that might affect the outcome of the suit under the governing substantive law, i.e., the material facts, however, will preclude the entry of summary judgment. *Id*. at 248. Similarly,

---

[2]The complaint alleges that Roberts failed to intervene to stop Eggleton's conduct, despite having the opportunity to do so.

summary judgment is improper so long as the dispute over the material facts is genuine. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

It is on this standard that the Court has reviewed defendants' motions and plaintiff's responses thereto. Based on the pleadings and evidence of record, the arguments of counsel, and the briefs filed in support and opposition thereto, the Court concludes, as a matter of law, that there remains genuine disputes over material facts which precludes summary judgment in this matter.

Accordingly, defendants' motions for summary judgment (doc. nos. 44, 45, 48, and 75) are DENIED.

SO ORDERED this 19th day of April, 2006.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge