IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEVEN WERLING,

              Plaintiff,                             05cv0898

      v.                                   Electronically Filed

MARK EGGLETON, THE CITY OF
PITTSBURGH, OHDS, Inc., t/d/b/a/
the Original Hot Dog Shop, and
BRIAN ROBERTS.

              Defendants.

## Order of Court

AND NOW, this 9th day of May, 2006, after careful consideration of the parties Motions

in Limine, and the Responses thereto, IT IS HEREBY ORDERED as follows:

(1)     Defendant, OHDS, Inc.'s Motion in Limine to preclude Dr. McCauley's testimony relating to the Original (doc. no. 92) is DENIED.

(2)     Defendant OHDS, Inc.'s Motion in Limine to preclude evidence of medical bills in excess of that accepted as payment in full (doc. no. 93) is DENIED AS MOOT, because plaintiff agrees that he is entitled to offer into evidence the actual amounts paid for medical expenses where such payment was accepted as payment in full.

(3)     Defendant OHDS, Inc.'s Motion in Limine to preclude inadmissible character evidence (doc. no. 94) is GRANTED.

(4)     Defendant OHDS, Inc.'s Motion in Limited to preclude evidence of plaintiff's alleged psychological damage (doc. no. 95) is DENIED.

(5)     Defendant OHDS, Inc.'s Motion in Limine to preclude diagram of the restaurant of Defendant OHDS t/d/b/a The Original Hot Dog Shop (doc. no. 96) is GRANTED.

(6)     Defendant OHDS, Inc.'s Motion in Limine to preclude Dr. Figueroa's opinions concerning future medical expenses (doc. no. 97) is DENIED.

(7)     Defendant OHDS, Inc.'s Motion in Limine to preclude plaintiff from offering evidence relating to the posting of signs in Oakland (doc. no. 98) is GRANTED.

(8)     Plaintiff's Motion in Limine to preclude the defendants from arguing that the City of Pittsburgh police officers engaged in "secondary employment" with other employers do so as "independent contractors" (doc no. 99) is GRANTED.

(9)     Plaintiff's Motion in Limine to preclude the defendants from arguing or asserting that Deven Werling's alleged conduct inside the original constituted disorderly conduct under the Crimes Code of Pennsylvania (doc. no. 100) is GRANTED.

(10)    Plaintiff's Motion in Limine to preclude the defendants from arguing that probable cause existed to arrest Deven Werling for Defiant Trespass under 18 Pa. C.S.A. § 3503(b) (doc. no. 102) is DENIED.

(11)    Plaintiff's Motion in Limine to preclude the defendants from offering evidence of alleged statements made by Deven Werling after he was arrested and which did not form the basis for any such arrest and/or the filing of any criminal charges against Werling (doc. no. 105) is GRANTED.

(12)    Plaintiff's Motion in Limine to preclude the defendants from offering evidence that an unidentified patron claimed that people sitting at a table made a "racial comment" (doc. no. 106) is GRANTED.

(13)    Plaintiff's Motion in Limine related to defendant Brian Roberts' testimony (doc. no. 108) is GRANTED.

(14)    Plaintiff's Motion in Limine to exclude evidence of a witness's criminal conviction for purposes of impeachment (doc. no. 109) is GRANTED.

(15)    Defendants City of Pittsburgh, Eggleton and Roberts' Motion in Limine re: Paul McCauley (doc. no. 110) is DENIED.


SO ORDERED this 9th day of May, 2006.


s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All counsel of record