IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEVEN WERLING,

      Plaintiff,                                            05cv0898

v.                                                         Electronically Filed

MARK EGGLETON, THE CITY OF
PITTSBURGH, OHDS, Inc., t/d/b/a/
the Original Hot Dog Shop, and
BRIAN ROBERTS.

      Defendants.

### Order of Court

Pending before this Court is plaintiff's motion to amend the pretrial statement (doc. no. 166). Plaintiff seeks to amend his pretrial statement to add a supplemental expert report that addresses the issues regarding the timeliness of defendant City of Pittsburgh's investigation into the alleged wrongdoing of defendant Eggleton and the adequacy of the remedial/disciplinary measures taken against defendant Eggleton. Both the City and defendant Eggleton oppose plaintiff's motion to amend the pretrial statement, and in support thereof, they state that evidence of what disciplinary actions defendant took against Eggleton is not admissible and must be excluded under Fed. R. Civ. Evid. 407 because it constitutes evidence of subsequent remedial measures.

After careful consideration, this Court agrees with defendants that evidence of the alleged lack of disciplinary measures/untimeliness of the investigation is inadmissible because it constitutes evidence of subsequent remedial measures.

Plaintiff emphasizes that Fed. R. Civ. Evid. 407 does state that: "This rule does not require exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or

impeachment." However, unless defendants "open the door" by controverting issues such as feasibility of precautionary measures, such post-event conduct will not be admissible.

Furthermore, while plaintiff cites *Beck v. City of Pittsburgh,* 89 F.3d 966 (3d Cir. 1996), for the proposition that there are cases where a subsequent incident, ". . . may have evidentiary value for a jury's consideration whether the City and policymakers had a pattern of tacitly approving the use of excessive force," that case is distinguishable from the present situation. *Id.* at 972. In *Beck,* plaintiff established that defendant had exhibited a pattern of violent and inappropriate behavior with five other complaints of excessive use of force in less than five years, including one which occurred after the incident involving plaintiff. While the Court of Appeals in *Beck* stated that the subsequent incident may have evidentiary value to establish a pattern of approving the use of excessive force, in the instant case, there are no allegations that defendant Eggleton had exhibited a pattern of violent behaviors as exhibited through several complaints. Further, the proposed supplement to the expert report do not relate to defendant Eggleton, but rather, the actions of defendant City of Pittsburgh. The subsequent actions (or alleged inactions) of the City will therefore be excluded as evidence of subsequent remedial measures, and therefore, plaintiff's motion to amend the pretrial statement to add a supplemental expert report (doc. no. 166) is DENIED. Plaintiff's motion to file the supplemental expert report under seal (doc. no. 167) is also DENIED as moot.

      SO ORDERED this 20th day of December, 2006.

      s/Arthur J. Schwab
      Arthur J. Schwab
      United States District Judge

cc:    All counsel of record